COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


P.D. INTERIORS, INC.
AND
TRANSPORTATION INSURANCE COMPANY
                                      MEMORANDUM OPINION[*]
v.    Record No. 0058-97-3               PER CURIAM
                                        JUNE 17, 1997
JAMES RICHARD ARMISTEAD


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Roya Palmer; Law Offices of Richard A.
              Hobson, on brief), for appellants.

              (George L. Townsend; Chandler, Franklin &
              O'Bryan, on brief), for appellee.


     P.D. Interiors and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission (commission) erred in finding that James R. Armistead

(claimant) proved that he sustained a change-in-condition on

November 2, 1995 causally related to his compensable February 22,

1995 injury by accident.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

On February 22, 1995, claimant sustained a compensable injury by accident to his right knee. Dr. George Godette, claimant's treating orthopedic surgeon, performed right knee arthroscopy and a partial medial meniscectomy on March 28, 1995. Dr. Godette released claimant to return to full duty in June 1995. On November 2, 1995, claimant's knee buckled as he walked on a clear smooth surface at work, causing him to have to catch himself to prevent a fall. On November 10, 1995, claimant again sought treatment with Dr. Godette, stating that he had reinjured his knee. Dr. Godette recommended a knee brace. On January 19, 1996, Dr. Godette performed a right knee ACL reconstruction. Claimant has been unable to work since the November 2, 1995 incident.

Dr. Godette indicated in response to a questionnaire prepared by claimant's counsel that the November 1995 injury constituted an aggravation of the claimant's compensable February 1995 injury by accident. In his June 13, 1996 deposition testimony, Dr. Godette stated that the initial injury to the medial collateral ligament made claimant's knee unstable. Dr. Godette also stated that if the November 1995 incident constituted minimal trauma, as the evidence showed in this case, then it would be his opinion that claimant would not have

sustained the November 1995 injury absent the February 1995 injury.

Dr. Godette's opinions constitute credible evidence to support the commission's findings. In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept Dr. Godette's opinions. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.